UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-62599-STRAUSS

JOSE RICARDO SEOLE,

    Plaintiff,

v.

ACE HARDWARE,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING AMENDED COMPLAINT**

**THIS MATTER** came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion"). For the reasons described below, the IFP Motion is **GRANTED**. However, the Court will require Plaintiff to file an amended complaint no later than **January 9, 2026**, because the Complaint, upon initial screening, fails to state a claim upon which relief could be granted.

**BACKGROUND**

On December 16, 2025, Plaintiff filed his Complaint, which contains various attachments, and the IFP Motion. *See generally* [DE 1]; [DE 3]. Plaintiff appears to be suing his former employer for discrimination and harassment[1] under a few federal and state statutes. [DE 1] at 4.

---

[1] In one of the attachments to Plaintiff's Complaint (presumably from the EEOC or related proceedings), Plaintiff checked a box for "retaliation" to indicate the basis for the alleged discrimination. *See* [DE 1-2] at 6. However, the Complaint contains no substantive allegations of retaliation. Indeed, none of the facts alleged suggest that Plaintiff engaged in a statutorily protected activity or that any alleged mistreatment was in retaliation for such protected activity. *See, e.g.*, *Little v. CSRA, Inc.*, 834 F. App'x 495, 499 (11th Cir. 2020) ("To state a retaliation claim, a plaintiff must plausibly allege (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and

Specifically, Plaintiff brings claims under the Florida Civil Rights Act ("FCRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). *Id.* Although the allegations contained in the Complaint and its attachments are not entirely clear, Plaintiff seemingly worked for Defendant and has been fired without any prior warnings for what Defendant stated was deficient performance of job duties. [DE 1-2] at 1. According to Plaintiff, however, he was only late for work one day by a few minutes and had taken a shorter break to compensate for the lost time. *Id.* Moreover, Plaintiff always took orders from his supervisors without issue and never broke any company policies, rules, or regulations contained within Defendant's employee handbook. *Id.* at 1-2. He likewise did not engage in any illegal acts. *Id.* at 1-2.

Plaintiff's Complaint also contains allegations of several instances of discrimination and harassment. *See id.* at 1-3. For example, one day while working, Plaintiff alleges that he was sexually harassed by multiple customers when no other employees were "on the floor," as if all the other employees had "vanished from the store at the same time." *Id.* at 1. After several minutes and multiple, allegedly embarrassing encounters with customers, the other employees entered the store again, smiling and talking about Plaintiff "in an inappropriate manner." *Id.*

Another incident (although it is unclear from the Complaint whether this incident happened the same day) began when an assistant manager named Marciah told Plaintiff to go to lunch. *Id.* at 2, 7. However, Plaintiff did not return to work from the lunch break because he was harassed by members of "the Deerfield Beach Community." *Id.* at 2. Plaintiff explained to one of his

---

the adverse action."). Accordingly, to the extent that the Complaint alleges a retaliation claim, it fails to state a claim.

supervisors that he did not return to work from lunch because members of the Deerfield Beach Community blocked his way back. *Id.* at 2. Plaintiff further alleges that he had tried to call the store and eventually called a local police department after two hours of being harassed. *See* [DE 1-2] at 2. Harassment of Plaintiff by members of the Deerfield Beach Community allegedly occurred on more than one occasion. *Id.* According to Plaintiff, all the employees and supervisors knew of this harassment and tolerated or cooperated with it. *Id.* at 2, 7.

Another incident involved one of Plaintiff's co-workers calling him an "immigrant pest" after Plaintiff used the restroom. *Id.* at 2. Plaintiff alleges that he heard similar comments about "pest immigrant from customers and some of [his] co-workers, etc." *Id.* at 7. A warehouse inventory supervisor also made comments to Plaintiff asking him how long he was in the country and why he came to the United States. *Id.* Plaintiff alleges, "Every day, I heard something related to my background and to my sexuality and was treated differently from my coworkers by the two supervisors and even from my other coworkers." *Id.* at 7. Moreover, in addition to the first incident while Plaintiff was using the restroom, Plaintiff alleges that he was harassed by a coworker hovering outside the restroom at least three times. *Id.*

Defendant eventually dismissed Plaintiff without any prior warnings in apparent violation of company policies. *Id.* at 3, 7-8. The alleged wrongful dismissal has negatively affected Plaintiff's life socially, financially, and otherwise. *Id.* at 3. Plaintiff is currently homeless and has been living on the streets since his wrongful dismissal. *Id.*

## ANALYSIS

### I.     PLAINTIFF MAY PROCEED WITHOUT PREPAYING FEES OR COSTS

In the IFP Motion, Plaintiff seeks to proceed without prepaying fees and costs. *See* [DE 3] at 1. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the

commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. A plaintiff, however, need not be "absolutely destitute." *Id.* Accordingly, a court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff avers that he only receives $35.00 per week and has no other sources of income. [DE 3] at 1. He also has no money in cash or in a bank account and no assets like a car, real property, jewelry, or stocks. *Id.* at 2. Regarding liabilities, Plaintiff has thousands of dollars of medical bills and a cell phone payment of $35.00. *Id.* Plaintiff's liabilities thus appear to dwarf his assets. *See id.* at 1-2. Accordingly, I conclude that Plaintiff has established the poverty requirement of 28 U.S.C. § 1915(a). Plaintiff thus may proceed *in forma pauperis*.

## II.     PLAINTIFF MUST FILE AN AMENDED COMPLAINT

Although the Court will allow Plaintiff to proceed without prepaying fees and costs, Plaintiff must file an amended complaint. The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal for multiple reasons.  However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint.  Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing his amended complaint, Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[2]  In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right

---

[2] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Moreover, *pro se* litigants are required to comply with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint is deficient in multiple ways. First, an amended complaint is necessary because the current one is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. One type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Another type occurs when the complaint fails to separate each cause of action or claim for relief into different counts. *Id.* at 1323.

Plaintiff's Complaint is a shotgun pleading. First, it does not contain consistently numbered paragraphs with "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Second, the Complaint contains numerous factual allegations that are conclusory, vague, or otherwise immaterial and not connected to particular causes of action. Although the Complaint details varied incidents of supposed mistreatment, like coworkers calling

Plaintiff an "immigrant pest," [DE 1-2] at 2, it never connects any of those facts to a cause of action. Indeed, even liberally construing the *pro se* pleading, the relevant factual allegations are sporadic and disjointed at best, leaving the reader to guess how the alleged facts connect to the elements of any specific claim under the multiple statutes that Plaintiff purports to assert his claims under. Indeed, the Complaint does not list *any* counts—much less separate each cause of action into *different* counts. Rather it lists a group of statutes together without explaining what facts support which alleged violations. At bottom, these allegations in the Complaint fail to give Defendant adequate notice of the claims against it, leaving it unable to frame a responsive pleading. *See Weiland*, 792 F.3d at 1323.

Beyond being a shotgun pleading, the Complaint fails to state a claim under Title VII. To state a discrimination claim under Title VII, the factual allegations must plausibly suggest that the plaintiff suffered an adverse employment action due to intentional discrimination on a protected basis, i.e., on the basis of race, color, religion, sex, or national origin. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (describing requirements for pleading race-discrimination claims under Title VII). Similarly, a hostile-work-environment claim under Title VII requires a plaintiff to allege the following:

> (1) [the plaintiff] belongs to a protected group; (2) [the plaintiff] has been subject to unwelcome harassment; (3) the harassment must have been based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability.

*Usai v. Club Mgmt. Mia. II, LLC*, No. 24-CV-24830, 2025 WL 2701666, at *15 (S.D. Fla. Sept. 23, 2025); *see Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (applying above elements when reviewing district court's denial of a motion for judgment as a matter of law).

Plaintiff has not stated a plausible claim under Title VII.  The Complaint does make clear that Plaintiff believes he was fired unfairly.  *See, e.g.*, [DE 1-2] at 3 ("The unfair dismissal has caused me a significant negative impact . . . .").  It is less clear, however, whether he has adequately alleged that his firing was based on his membership in a protected class or that any harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment for which Defendant is responsible— even if liberally construing his pleadings and assuming that the attachments are incorporated into the Complaint.

In addition, some of the allegations about the actions of certain third parties are overly speculative or unclear to state a plausible claim.  Although Plaintiff discusses a variety of perceived mistreatment, like co-workers or supervisors denigrating him based on his national origin or tolerating customers harassing him based on his sexual orientation, several allegations allege the members of the Deerfield Beach Community were the ones harassing him.  Yet it is unclear how, if at all, these allegations of third parties' actions are attributable to Defendant or otherwise contribute to the causes of action Plaintiff seeks to bring.  Without more allegations attributing those actions of third parties to Defendant (other than the vague suggestion that Defendant tolerated it or did not consider that these people somehow blocked him from getting back from lunch on time), Plaintiff cannot state any claim under Title VII.

Plaintiff's current Complaint also cannot state a claim under the ADA or ADEA.  As for the ADA, Plaintiff does not allege that he has any sort of disability, much less any facts from which the Court could infer Defendant discriminated against him because of that disability.  *Cf. Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 485 (11th Cir. 2011) ("Chapman also failed to establish a claim under the ADA because she did not sufficiently allege a disability.").  As to the ADEA,

8

Plaintiff does not allege his age or any facts from which the Court could infer that Defendant mistreated him because of it.  *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) ("To make a prima facie case of age discrimination, the employee must show . . . he was a member of the protected group between the age of forty and seventy . . . ."); *cf. Jordan-Phila. v. Atlanta Med. Ctr./Wellstar Hosp.*, No. 119CV00116LMMLTW, 2019 WL 12426036, at *2 (N.D. Ga. Apr. 10, 2019) ("Plaintiff did not state her age in the Complaint, a necessary element of any ADEA claim."), *report and recommendation adopted*, 2019 WL 12426035 (N.D. Ga. May 24, 2019).

Because Plaintiff cannot currently state a claim under Title VII, the ADA, or the ADEA, he cannot state a claim under FCRA either, as all are analyzed under a similar framework.  *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1300 n.2 (11th Cir. 2023) ("Claims under Title VII and the FCRA are analyzed under the same framework."); *Matamoros v. Broward Sheriff's Off.*, No. 18-CV-62813, 2019 WL 4731931, at *3 n.2 (S.D. Fla. June 8, 2019) ("FCRA retaliation claims are analyzed under the same framework as ADA and Title VII retaliation claims."), *aff'd*, 2 F.4th 1329 (11th Cir. 2021); *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014) ("Disability and age-related discrimination actions under the FCRA are analyzed under the same frameworks as the ADA and ADEA, respectively.").

In sum, Plaintiff must, at the very minimum, do the following things in any amended complaint: (1) he must separate claims under different statutes into distinct counts, identifying what facts support the elements for each count and listing his allegations in numbered paragraphs; (2) for any claim under Title VII, Plaintiff must allege the protected characteristic that applies to him, e.g., his nationality if claiming discrimination based on national origin or his sexual orientation if claiming discrimination based on sex; (3) to plead any claim of differential treatment

based on a protected basis, Plaintiff must articulate sufficient facts that would allow the Court to infer that the differential treatment was in some way motivated by Plaintiff's membership in a protected class; (4) if Plaintiff intends to plead a claim under the ADA, he must state what his disability is and how Defendant discriminated against him because of it; (5) a claim under the ADEA will similarly require Plaintiff to allege his age and how Defendant discriminated against him because of it; and (6) Plaintiff must allege factual content that plausibly links the actions of third parties to Defendant if he wishes to attribute such actions to Defendant.

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with his Complaint, including those outlined above.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's IFP Motion [DE 3] is **GRANTED**. Plaintiff may proceed *in forma pauperis*.

2. No later than **January 9, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of December 2025.

Jared M. Strauss
United States Magistrate Judge