UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-62599-STRAUSS

**JOSE RICARDO SEOLE,**

    Plaintiff,

v.

**ACE HARDWARE,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS MATTER** was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order,[2] I am issuing a Report and Recommendation.[3] For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice and that any pending motions be **DENIED** as moot.

## BACKGROUND

On December 15, 2025, Plaintiff filed his Complaint. *See generally* [DE 1]. The same day, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion"). Because Plaintiff's IFP Motion sought leave to proceed *in forma*

---

[1] This case was directly assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11.

[2] Neither Plaintiff nor Defendant has consented to magistrate judge jurisdiction, so I can only issue a report and recommendation rather than a dispositive order dismissal.

[3] I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court.

*pauperis*, the screening provisions of 28 U.S.C. § 1915(e) applied. Those provisions require the Court to "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To fulfill this obligation, I reviewed Plaintiff's Complaint and determined that it was subject to dismissal for multiple reasons. *See generally* [DE 5]. Specifically, even though I granted Plaintiff's IFP Motion, I also determined that the Complaint was a shotgun pleading and otherwise failed to state any plausible claim for which Plaintiff would be entitled to relief. *See id.* at 3-10. However, I gave Plaintiff an opportunity to amend his Complaint rather than simply recommending that it be dismissed. *Id.* at 1, 10. I directed Plaintiff to file an amended Complaint by January 9, 2026. *Id.* at 10. The time to file an amended complaint has now passed, and Plaintiff has not filed anything.

## ANALYSIS[4]

Under the screening provisions of § 1915(e), Plaintiff's Complaint is subject to dismissal. First, the Complaint is a shotgun pleading: (1) it does not contain consistently numbered paragraphs; (2) it is chock-full of allegations that are conclusory, vague, or otherwise immaterial and disconnected from particular causes of action; and (3) it fails to list any counts (much less does it separate claims under all the different statutes at issue into different counts). *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-23 (11th Cir. 2015) (detailing characteristics of shotgun pleadings).

Second, the Complaint fails to state a claim under Title VII because Plaintiff did not allege factual content to satisfy the elements of either a discrimination or harassment claim. *See Surtain*

---

[4] The analysis of Plaintiff's Complaint is more thoroughly detailed in my prior order granting Plaintiff's IFP Motion but directing Plaintiff to file an amended Complaint. *See* [DE 5] at 4-10.

*v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *Usai v. Club Mgmt. Mia. II, LLC*, 801 F. Supp. 3d 1295, 1321 (S.D. Fla. 2025); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Plaintiff did not adequately allege that he was fired because of his membership in a class that Title VII protects. Further, even under a liberal construction of the *pro se* Complaint, Plaintiff did not allege that the harassment he experienced was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment for which Defendant is responsible. Additionally, much of the conduct challenged appears to be that of third parties, and Plaintiff did not sufficiently indicate how these actions were attributable to Defendant beyond a few vague and conclusory lines.

Third, the Complaint does not state a claim under the ADA because Plaintiff did not allege that he had a disability or that he was discriminated against because of a disability. *See Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 485 (11th Cir. 2011).

Fourth, the Complaint does not state a claim under the ADEA because it does not contain Plaintiff's age. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015*); Jordan-Phila. v. Atlanta Med. Ctr./Wellstar Hosp.*, No. 119CV00116LMMLTW, 2019 WL 12426036, at *2 (N.D. Ga. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 12426035 (N.D. Ga. May 24, 2019).

Fifth, Plaintiff's inability to state a claim under Title VII, the ADA, and the ADEA prevent him from stating a claim under FCRA; any FCRA claims would be analyzed in the same way as the other statutes that Plaintiff fails to state a claim under. *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1300 n.2 (11th Cir. 2023); *Matamoros v. Broward Sheriff's Off.*, No. 18-CV-62813, 2019 WL 4731931, at *3 n.2 (S.D. Fla. June 8, 2019), *aff'd*, 2 F.4th 1329 (11th Cir. 2021); *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014).

In sum, the numerous deficiencies in the Complaint favor dismissal without prejudice. The Court does not need to give Plaintiff leave to amend because he has already been given one chance to amend the Complaint and (for whatever reason) did not do so within the time allowed nor seek an extension of time. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend.").

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice and that any pending motions be **DENIED** as moot.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[5] Failure to timely file objections shall bar the parties from a de novo determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

---

[5] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of January 2026.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge